UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZAHMEIL D. WASHINGTON-STEELE,

Plaintiff,

-against-

OFFICER PEREZ # 18670; DEPARTMENT
OF CORRECTIONS/MENTAL HEALTH AND
HYGIENE; JOHN DOE, CORRECTION
OFFICER, AMKC; JOHN DOE,
DEPARTMENT OF MENTAL HEALTH,
AMKC,

Defendants.

18-CV-6894 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently detained in the George R. Vierno Center (G.R.V.C.) on Rikers Island,

brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants are violating his

constitutional rights. By order dated May 1, 2019, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis*.[1]  For the reasons set forth below,

the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this

order.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, who identifies himself as an individual with several mental illnesses who has been taking mental health medication since 1998, alleges that during his current detention on Rikers Island, Defendants have violated his constitutional rights.

Plaintiff alleges that he has been assaulted by other inmates because he is gay. He also alleges that Defendants are tampering with his outgoing and incoming mail. He asserts that it takes months for his mail to go out and for him to receive incoming mail. He also asserts that his mail never goes out and it is never returned to him.

Plaintiff also alleges that the Department of Mental Health and Hygiene has been refusing to give him the proper medication and that he was "verbally sexual[ly] harass[ed]" by Officer Perez. (Compl. at ¶ V.) He states that Defendant Perez said to him "you walking around with those tight ass thermos on looking like you wanna get fucked." (*Id.*)

Plaintiff seeks monetary damages.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

## A. Department of Corrections/Mental Health and Hygiene

Plaintiff's claims against the Department of Corrections/Mental Health and Hygiene must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the Department of Corrections/Mental Health and Hygiene with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

## B. Deliberate Indifference

The Court construes Plaintiff's allegations that (1) he was assaulted by other inmates because he is gay, and (2) he has not been given the proper medication as asserting that Defendants violated his rights under the Eighth or Fourteenth Amendments of the United States Constitution by being deliberately indifferent to a risk of harm to Plaintiff and to his serious medical needs.[2]

---

[2] If Plaintiff was a pretrial detainee during the events that are the basis of his claims, his condition-of-confinement claims arise under the Due Process Clause of the Fourteenth Amendment; if he was a convicted prisoner, such claims arise under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996). Plaintiff's status is unclear – he identifies himself as a "regular detainee."

The failure to protect a prisoner constitutes cruel and unusual punishment when prison officials exhibit "deliberate indifference" to a substantial risk of serious harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Morales v. N.Y. State Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988). To state such a claim, a plaintiff must allege that a correction official was deliberately indifferent to a substantial risk of serious harm to the Plaintiff. *See Farmer*, 511 U.S. at 828; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).Where that harm results from medical treatment or lack thereof, the Plaintiff must show that he had a "serious medical need." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000).

A convicted prisoner must show that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could [have been] drawn that a substantial risk of serious harm exists, and he must [have] also draw[n] the inference." *Farmer*, 511 U.S. at 837. A pretrial detainee must show that "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Here, Plaintiff does not allege that prison officials knew that other inmates posed a serious risk of harm to Plaintiff and were deliberately indifferent to that risk, or that prison officials should have known of such a risk. Plaintiff also does not allege facts suggesting that prison officials were deliberately indifferent to his medical needs. Plaintiff does not plead any facts showing that prison officials at Rikers acted intentionally to impose the alleged conditions, or recklessly failed to act with reasonable care to mitigate the risks. He thus fails to state a claim for deliberate indifference to a risk of harm or a serious medical need.

**C.      Access to Courts**

The Court construes Plaintiff's allegations that Defendants are tampering with his mail as a claim that he was denied access to the courts. Individuals have a constitutional right of access to the courts under the First Amendment to the United States Constitution. *See Christopher v. Harbury*, 536 U.S. 403, 414-16 (2002); *Lewis v. Casey,* 518 U.S. 343, 346 (1996). To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted); *see also Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (explaining that "plaintiff must demonstrate that the defendant's conduct frustrated the plaintiff's efforts to pursue a nonfrivolous claim.").

To state a claim of actual injury, Plaintiff must allege facts demonstrating that he was prejudiced in ongoing legal proceedings. A mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin,* 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith,* 784 F.2d 149, 151–52 (2d Cir. 1986)); *see also Sheppard v. Lee,* No. 10-CV-6696, 2011 WL 6399516, at *2 (S.D.N.Y. Dec. 20, 2011) (holding that, because plaintiff's motion in his other proceedings was dismissed on other grounds, missing a court deadline due to delayed outgoing legal mail did not constitute actual injury).

Because Plaintiff does not describe any prejudice to an ongoing legal proceeding, his allegations are insufficient to state a claim that his right to access the courts has been violated. For example, Plaintiff does not detail the nature of his mail or the harm caused by Defendants' alleged actions. Plaintiff must therefore set forth all facts concerning the mail that he was prevented from sending and the prejudice, if any, that resulted from his not sending that mail.

**D. Verbal Abuse**

Plaintiff's claim that he was "verbally sexual[ly] harass[ed]" by Defendant Perez must be dismissed. Verbal abuse, threats, and intimidation standing alone, without injury or damage, do not amount to a constitutional deprivation. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (name-calling without "any appreciable injury" is not a constitutional violation); *Jones v. Harris*, 665 F. Supp. 2d 384, 396 (S.D.N.Y. 2009) ("It is well-settled that verbal harassment by a corrections officer, inexcusable though it be, does not rise to the level of a constitutional violation."); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S. C. § 1983"). Because Plaintiff's assertions do not amount to constitutional claims actionable under § 1983, this claim must be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E. Leave to Amend**

Plaintiff is granted leave to amend his complaint to detail his deliberate indifference and access to courts claims. First, Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 18-CV-6894 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 10, 2019
          New York, New York

_____
          COLLEEN McMAHON
          Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                  Middle Initial            Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☐  Convicted and sentenced prisoner

☐  Other: _____

# IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                      Zip Code

Defendant 2:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                      Zip Code

Defendant 3:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                      Zip Code

Defendant 4:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                      Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____